IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Larry Michael Slusser, | ) | C/A No. 0:21-cv-02431-DCC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| United States of America, Ms. Morales, | ) | **OPINION AND ORDER** |
| Dr. Anthony Timms, and | ) | |
| Ms. Walton-Battle, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant Dr. Anthony Timms's Motion for
Summary Judgment. ECF No. 48. In accordance with 28 U.S.C. § 636(b) and Local Civil
Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Paige J.
Gossett for pre-trial handling and a Report and Recommendation ("Report"). On April 15,
2022, the Magistrate Judge issued a Report recommending that the Motion be granted.
ECF No. 87. The Magistrate Judge advised the parties of the procedures and
requirements for filing objections to the Report and the serious consequences if they
failed to do so. Plaintiff filed Objections. ECF No. 92.

## BACKGROUND

This case arises from an incident at the Federal Correctional Institution at
Edgefield on August 15, 2020, in which Plaintiff, an inmate, was returning to his cell after
taking a shower when he slipped and fell on a wet spot on the floor, breaking his wrist.
ECF No. 7 at 13–14. No party has objected to the Magistrate Judge's thorough recitation
of the facts and applicable law, and it is incorporated herein by reference. ECF No. 87 at
1–5.

Plaintiff filed suit in this Court on August 4, 2021, alleging pursuant to 42 U.S.C § 1983[1] that Dr. Anthony Timms's deliberate indifference to his medical needs violated the Eighth Amendment.[2]  ECF No. 7.[3]  Dr. Timms filed a Motion for Summary Judgment on December 7, 2021.  ECF No. 48.  Plaintiff filed a Response in Opposition, and Dr. Timms filed a Reply.  ECF Nos. 56, 57.  The Magistrate Judge issued a Report on April 15, 2022, recommending that Dr. Timms's Motion for Summary Judgment be granted. ECF No. 87.  Plaintiff filed Objections to the Report.  ECF No. 92.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a

---

[1] The Magistrate Judge notes in her Report that the parties agree that Dr. Timms is a state official because Self Regional Healthcare is a government hospital operated by the Greenwood County Hospital Board pursuant to an Act of the South Carolina General Assembly.  Therefore, Plaintiff's claim against Dr. Timms is properly brought pursuant to 42 U.S.C. § 1983 rather than *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  ECF No. 87 at 4 n.2.

[2] Plaintiff also brought claims against Defendants Morales, Walton-Battle, and the United States of America, which are addressed in a separate, contemporaneously issued Order on those defendants' Motion to Dismiss.

[3] Plaintiff filed an Amended Complaint on August 23, 2021.  ECF No. 7.

2

timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## DISCUSSION

Plaintiff objects to the Magistrate Judge's determination that he has not forecast any evidence to support a reasonable inference that Dr. Timms was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. ECF No. 92 at 2. Specifically, Plaintiff argues that, under 42 U.S.C. § 1983, he must allege deliberate indifference to his continued health and wellbeing. *Id.* He claims that he wrote a letter to Dr. Timms five months after his last visit, explaining that he was having continued pain, numbness, and popping in his wrist following surgery. *Id.* Subsequently, Plaintiff had a follow up appointment with Dr. Timms, and he alleges that during the visit, the doctor made no attempts to determine what was causing his ongoing pain and numbness, failed to prescribe him any medication to relieve his symptoms, and thus, disregarded a risk to his health. *Id.* at 3.

Upon review, the Court agrees with the Magistrate Judge that Plaintiff has failed to present any evidence from which a reasonable jury could conclude that Dr. Timms disregarded a risk to his health. Dr. Timms stated in his affidavit that he personally examined Plaintiff during the follow up visit and that Plaintiff's motion, exam, and healing were excellent. ECF No. 48-2 at 4. Dr. Timms observed that although Plaintiff did not have any pain with motion of the wrist, he did have popping over a certain muscle, which the doctor stated was not unusual after this type of injury and surgery and did not indicate that the repair was tearing or failing. *Id.* He instructed Plaintiff to be as active as tolerated and to return if his symptoms worsened or failed to improve. *Id.* at 4–5. Dr. Timms

3

determined that Plaintiff did not require any formal post-surgical therapy or rehabilitation based upon the surgery he received and his recovery and function during post-operative examinations. *Id.* at 5. Instead, he explained that moving his wrist and fingers as previously advised were all the therapy and rehabilitation that Plaintiff needed. *Id.*

Upon de novo review of the record and the parties' submissions, Plaintiff has failed to forecast any evidence that Dr. Timms's failure to recommend other treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Hixson v. Moran*, 1 F.4th 297, 303 (4th Cir. 2021) (quoting *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990)). Indeed, the fact that Plaintiff believes Dr. Timms should have provided him medical care different from what he received does not rise to the level of a constitutional claim. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."); *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) ("An inmate's mere disagreement with the course of treatment provided by medical officers will not support a valid Eighth Amendment claim." (citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975))); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (holding a prisoner is entitled to adequate medical care, not his choice of treatment). Viewed in the light most favorable to Plaintiff, the record creates no genuine issue of material fact to support his deliberate indifference claim, as there is no evidence that Plaintiff was denied any necessary treatment. Accordingly, Plaintiff's Objections are overruled.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objections [92] and **ADOPTS** the Report [87]. Accordingly, Defendant Dr. Anthony Timms's Motion for

Summary Judgment [48] is **GRANTED**.  Plaintiff's request for an evidentiary hearing on his Objections [92] is **DENIED**.  *See* Local Civ. Rule 7.08 (D.S.C.) ("Hearings on motions may be ordered by the court in its discretion.  Unless so ordered, motions may be determined without a hearing.").

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 19, 2022
Spartanburg, South Carolina

5