# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Larry Michael Slusser, ) | C/A No. 0:21-cv-02431-DCC |
|                 Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| United States of America, Ms. Morales, ) | **OPINION AND ORDER** |
| Dr. Anthony Timms, and ) | |
| Ms. Walton-Battle, ) | |
| ) | |
|                 Defendants. ) | |
| _____ ) | |

This matter comes before the Court on Defendants United States of America, Ms. Morales, and Ms. Walton-Battle's (collectively, "the Moving Defendants") Motion to Dismiss. ECF No. 44. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling and a Report and Recommendation ("Report"). On April 15, 2022, the Magistrate Judge issued a Report recommending that the Motion be granted as to Plaintiff's *Bivens*[1] claim for violations of the Eighth Amendment and denied as to Plaintiff's negligence claim brought pursuant to the Federal Tort Claims Act ("FTCA"). ECF No. 90. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Both Plaintiff and the Moving Defendants filed Objections. ECF Nos. 93, 94.

---

[1] *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

**BACKGROUND**

This case arises from an incident at the Federal Correctional Institution at Edgefield on August 15, 2020, in which Plaintiff, an inmate, was returning to his cell after taking a shower when he slipped and fell on a wet spot on the floor, breaking his wrist. ECF No. 7 at 13–14.  No party has objected to the Magistrate Judge's thorough recitation of the facts and applicable law, and it is incorporated herein by reference.  ECF No. 90 at 2–6.

Plaintiff filed suit in this Court on August 4, 2021, raising *Bivens* claims against Morales and Walton-Battle for violations of the Eighth Amendment and a claim for negligence pursuant to the FTCA against the United States of America.[2]  ECF No. 7.[3] The Moving Defendants filed a Motion to Dismiss on December 6, 2021.  ECF No. 44. Plaintiff filed a Response in Opposition, and the Moving Defendants filed a Reply.  ECF Nos. 79, 81.  The Magistrate Judge issued a Report on April 15, 2022, recommending that the Moving Defendants' Motion to Dismiss be granted as to Plaintiff's *Bivens* claim for failure to exhaust administrative remedies and denied as to Plaintiff's negligence claim pursuant to the FTCA.  ECF No. 90.  Both Plaintiff and the Moving Defendants filed Objections to the Report.  ECF Nos. 93, 94.

---

[2] Plaintiff also brought a claim pursuant to 42 U.S.C § 1983 against Dr. Anthony Timms, claiming that the doctor was deliberately indifferent to his medical needs in violation of the Eighth Amendment.  Dr. Timms is represented by separate counsel and filed a separate Motion for Summary Judgment, which is addressed in a separate, contemporaneously issued Order.

[3] Plaintiff filed an Amended Complaint on August 23, 2021.  ECF No. 7.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## **DISCUSSION**

### I. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's determination that the Motion to Dismiss must be granted as to his *Bivens* claim because he failed to exhaust his administrative remedies. ECF No. 93 at 2. The Magistrate Judge found that it was undisputed that Plaintiff did not exhaust his administrative remedies through the Bureau of Prisons ("BOP"), by his own admission, and concluded that he cannot proceed with his claim because he failed to demonstrate that the administrative remedy process was unavailable to him. ECF No. 90 at 6. In his Objections, Plaintiff claims that his administrative remedy was not available through no fault of his own. ECF No. 93 at 2. He claims that he explained the incident to the prison counselor and requested all administrative remedy forms that he might need. *Id.* at 3. Plaintiff alleges that, in response to his request, the

prison counselor instructed him to complete the Standard Form 95.  *Id.*  Plaintiff contends that when he specifically asked for the proper forms by name, the prison counselor told him he did not need to use them.  *Id.*  Although Plaintiff claimed he had no knowledge that he was required to exhaust two separate administrative processes, the Magistrate Judge noted that Plaintiff had previously filed administrative remedy claims with the BOP and, consequently, could not claim that the administrative process was unavailable to him.  ECF No. 90 at 6.

Upon review, the Court agrees with the Magistrate Judge that Plaintiff failed to exhaust his administrative remedies and is therefore precluded from proceeding with his *Bivens* claim.  The Court agrees that Plaintiff was aware of the proper forms he needed to complete, as he had previously filed administrative remedy claims with the BOP and, in fact, requested them by name in this case.  Although the prison counselor allegedly told Plaintiff he did not need to use the forms he requested, there is no indication from the record that Plaintiff made any additional attempts to obtain the forms in any event, despite the counselor's ostensibly inaccurate guidance, or that he was prevented from acquiring them.  Thus, he cannot claim that the administrative process was unavailable to him.  The Court further agrees with the Magistrate Judge that because Plaintiff also intended to file an FTCA claim, the counselor correctly instructed him to file a Form 95 to initiate the action.  Accordingly, Plaintiff's Objections are overruled.

## II. Moving Defendants' Objections

The Moving Defendants object to the Magistrate Judge's determination that Plaintiff has plausibly stated a negligence claim under the FCTA.  ECF No. 94 at 1–2.  The Magistrate Judge found that the dangerousness of the wet floor and whether its

condition was open and obvious to Morales, and therefore, should have been open and obvious to Plaintiff, was a question of fact that cannot be resolved on a motion to dismiss. ECF No. 90 at 8.  Defendants contend that property owners generally do not have a duty to warn others of open and obvious conditions.  ECF No. 94 at 2.  They argue that Plaintiff had knowledge that the floor was wet because he had just traversed it within the previous 15 minutes when he exited the shower area, visited other inmates, and returned to his cell.  *Id.* at 3.  Consequently, Defendants claim they owed Plaintiff no duty to warn of the danger because the hazard was open and obvious to him.  *Id.*

Upon review, the Court agrees with the Magistrate Judge that Plaintiff has sufficiently stated a claim for relief at this stage of the litigation.  Plaintiff alleges Morales should have known that area near the showers would be wet and did not place "wet floor" signs to warn him of the hazard or mop up the water on the floor.  The Court agrees with the Magistrate Judge that, taking Plaintiff's allegations as true, he has plausibly stated a negligence claim upon which relief may be granted.  Accordingly, the Moving Defendants' Objections are overruled.

No party has filed any objections to the remainder of the Report, specifically footnotes two and three.  Accordingly, the Court has reviewed the Report, the record, and the applicable law for clear error.  Upon review, the Court adopts the remainder of the Report.

## **CONCLUSION**

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objections [93] and the Moving Defendants' Objections [94] and **ADOPTS** the Report [90].  Accordingly, the Moving Defendants' Motion to Dismiss [44] is **GRANTED IN PART** and **DENIED IN PART**.  The Motion is granted as to Plaintiff's *Bivens* claim for failure to exhaust

administrative remedies and denied as to Plaintiff's negligence claim pursuant to the FTCA. Plaintiff's request for an evidentiary hearing on his Objections [93] is **DENIED**. *See* Local Civ. Rule 7.08 (D.S.C.) ("Hearings on motions may be ordered by the court in its discretion. Unless so ordered, motions may be determined without a hearing."). Defendants Morales and Walton-Battle are hereby **DISMISSED**. *See* 28 U.S.C. §§ 1346(b)(1), 2679(b)(1).

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

August 19, 2022
Spartanburg, South Carolina