IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Larry Michael Slusser, Plaintiff,

v.

United States of America, Defendant.

C/A No. 0:21-cv-02431-DCC

**ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment. ECF No. 150. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling and a Report and Recommendation ("Report"). On March 28, 2023, the Magistrate Judge issued a Report recommending that the Motion be granted as to Plaintiff's remaining claim for negligence brought pursuant to the Federal Tort Claims Act. ECF No. 157. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed Objections. ECF No. 159.

## BACKGROUND

This case arises from an incident at the Federal Correctional Institution at Edgefield on August 15, 2020, in which Plaintiff, an inmate, was returning to his cell after taking a shower when he slipped and fell on a wet spot on the floor, breaking his wrist. ECF No. 7 at 13–14. No party has objected to the Magistrate Judge's thorough recitation

of the facts and applicable law, and it is incorporated herein by reference. *See* ECF No. 159 at 1–2.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## DISCUSSION

As explained by the Magistrate Judge, Plaintiff's remaining claim is for negligence against the United States based on Clemencia Morales's failure to warn Plaintiff of the danger of slipping or clean up the water on the floor. The Magistrate Judge determined that Plaintiff failed to establish that Morales had actual or constructive knowledge of the dangerous condition; accordingly, he cannot establish that the Government breached its duty of care. Plaintiff objects.

In his objections, Plaintiff appears to argue that the danger of slipping on water on the floor was foreseeable because more than 120 inmates tracked out of the shower in an 8-hour period. He contends that Morales had actual and constructive knowledge of

the danger. Plaintiff compares the visibility of water on the floor to black ice. He further contends that the Magistrate Judge credits Morales's testimony over his own. The Court disagrees and overrules his objections.

As explained by the Magistrate Judge, even assuming that there was water on the floor, Plaintiff has not established that it was so open and obvious a risk that Morales had actual or constructive knowledge of the danger. The Court has already noted that Morales testified that she did not see any water on the floor; accordingly, there is no evidence in the record that she possessed actual knowledge of a dangerous condition. With respect to constructive knowledge, it appears Plaintiff has attempted to counter the Magistrate Judge recommendation by alleging that she should have been aware of the risk given the number of inmates exiting the showers. Still assuming the presence of water on the floor, there is no evidence to establish how long it was there such that Morales should have discovered and remedied it in the exercise of due care. *See Olson v. Fac. House of Carolina, Inc.*, 344 S.C. 194, 206 (Ct. App. 2001), *aff'd,* 354 S.C. 161 (2003) ("The defendant will be charged with constructive notice whenever it appears that the condition has existed for such length of time prior to the injury that, under existing circumstances, he should have discovered and remedied it in the exercise of due care . . . ."); *Norris v. Wal-Mart Stores E., L.P.*, No. CIV.A. 1:12-02592-JMC, 2014 WL 496010, at *6 (D.S.C. Feb. 6, 2014) ("[T]he result is that there is no evidence in the record showing how long the substance was on the floor prior to Plaintiff's fall. Without such evidence in the record, Plaintiff cannot meet her burden of establishing constructive notice by showing that the substance was on the floor for a sufficient length of time that the storekeeper would or

should have discovered and removed it had the storekeeper used ordinary care." (internal quotation marks and citations omitted)). Accordingly, summary judgment is appropriate.

Finally, the Court turns to the issue of discovery in this action. In his objections, Plaintiff asserts that he has not had the ability to conduct sufficient discovery and particularly argues that he should have access to a video of the event. In his conclusion, he requests that the Court deny the Motion for Summary Judgment or defer consideration of the Motion and order Defendant to provide his requested discovery or conduct an evidentiary hearing. The Court will begin with a brief recitation of the relevant history of discovery in this case.

An initial scheduling order was entered in this action on October 25, 2021. ECF No. 20. On January 7, 2022, the Magistrate Judge stayed discovery pending resolution of a Motion to Dismiss that has since been ruled on. ECF No. 72. An amended scheduling order was entered on November 8, 2022, setting a discovery deadline of January 9, 2023. ECF No. 134. On January 9, 2023, the Court received a Motion for Discovery by Plaintiff and a Motion for Issuance of Subpoena requesting certain discovery from Defendant.[1] ECF No. 141. On January 11, 2023, the Magistrate Judge issued an order denying the Motion for Discovery and explaining proper procedure for requesting discovery. ECF No. 144. On January 17, 2023, Plaintiff filed a Motion to Compel explaining that the Government returned his request for discovery unanswered and informed him that his request was untimely.[2] ECF No. 146. On January 26, 2023, the

---

[1] The Court notes that Plaintiff signed the Motions on January 2, 2023.

[2] The Court notes that Plaintiff's Motion was signed on January 12, 2023.

Magistrate Judge denied Plaintiff's Motion and found that Plaintiff's discovery requests were not timely served. ECF No. 148.

As an initial matter, the Court has thoroughly reviewed Plaintiff's filings and finds that they cannot be construed as requesting an extension of the discovery deadline. To the extent his objections could be construed as an objection to the Magistrate Judge's orders [144, 148], the Court finds these orders are neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). Accordingly, any objection is overruled.

To the extent Plaintiff's argument should be construed as a motion to amend the scheduling order to allow additional time for discovery, he has not made the requisite showing and the motion is denied. Federal Rule of Civil Procedure 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and with the judge's consent." The Fourth Circuit has held that "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

"'[G]ood cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997). Rule 16(b) "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment" rather than "on the bad faith of the movant, or the prejudice to the opposing party." *Id*. "Under Rule 16(b), the 'good cause' inquiry focuses on whether evidence supporting the moving party's proposed amendment

could not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Rouse v. Byars*, No. 4:13-cv-2742-BHH-TER, 2016 WL 2939609, at *3 (D.S.C. May 20, 2016). Other courts have held that pro se parties are required to meet this standard. *See, e.g., Dancy v. Univ. of N.C. at Charlotte*, No. 3:08-cv-166, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) ("Although pro se litigants are given liberal treatment by courts, even pro se litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" (quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989))); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.").

Based on the record and the relevant authority, Plaintiff has not met this burden. While Plaintiff certainly attempted to avail himself of the discovery process in January 2023, he has failed to offer any explanation as to why he did not serve his discovery requests on Defendant until a week prior to the expiration of the deadline. The Amended Scheduling Order clearly states that "[d]iscovery shall be completed no later than **January 9, 2023**. All discovery requests shall be served in time for the responses thereto to be served by this date." ECF No. 134. Therefore, any motion to reopen the discovery period is denied.

To the extent Plaintiff's objections should be construed as a motion to defer ruling on the motion for summary judgment, that motion is denied. Rule 56(d) provides that a court may defer ruling on a motion for summary judgment if the "non-movant shows by affidavit or declaration that, for specified reasons it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(d). Courts broadly favor and liberally grant Rule

56(d) motions. *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 484 (4th Cir. 2014). The non-moving party must comply with Rule 56(d) by submitting an affidavit particularly setting out the reasons for discovery or otherwise adequately informing the court that the motion for summary judgment "is pre-mature and that more discovery is necessary." *Nadar v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008) (quoting *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)). The non-moving party must also demonstrate that the information sought would be "sufficient to create a genuine issue of material fact such that it would have defeated summary judgment. *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995). Finally, the non-moving party "do[es] not qualify for Rule 56(d) protection where [he] had the opportunity to discover evidence but chose not to." *McCray*, 741 F.3d at 484.

Here, Plaintiff provided a sworn statement with respect to his requested discovery. ECF No. 159-1. However, even assuming that the requested discovery would support his arguments and create a genuine issue of material fact, as explained above, Plaintiff has failed to explain why he did not timely submit his discovery requests. Therefore, he has failed to make the necessary showing under Rule 56(d) and any motion to defer ruling on the motion for summary judgment is denied.

To the extent Plaintiff's objections should be construed as a motion for an evidentiary hearing, that motion is denied. It is "not usually appropriate . . . to conduct evidentiary hearings in preparation for ruling on summary judgment motions." *PHP Healthcare Corp. v. EMSA Ltd. P'ship*, 14 F.3d 941, 944 (4th Cir. 1993) (citing 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2723 (1983)). A "court should use oral testimony on a summary-judgment motion sparingly

and with great care," and "affidavits are preferable to oral testimony in a Rule 56 proceeding because they are the more efficient means of pinpointing disputed factual issues and because the summary-judgment hearing is not meant to be a preliminary trial." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2723 (3d ed. 1998). Here, the Court finds an evidentiary hearing is unnecessary; accordingly, any motion requesting one is denied.

## CONCLUSION

For the reasons set forth above, the Court agrees with the recommendation of the Magistrate Judge and overrules Plaintiff's objections. The Motion for Summary Judgment [150] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 28, 2023
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.