IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Larry Michael Slusser, | ) | Case No. 0:21-cv-02431-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of Plaintiff's motion to reinstate defendants and Defendant's renewed motion for summary judgment. ECF Nos. 194, 206. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On May 30, 2025, Plaintiff filed a motion to reinstate defendants c/o Morales and Dr. Anthony Timms. ECF No. 194. Defendant filed a response in opposition, and Plaintiff filed a reply. ECF Nos. 195, 204. On August 6, 2025, Defendant filed a renewed motion for summary judgment. ECF No. 206. Plaintiff filed a response, and Defendant filed a reply. ECF Nos. 209, 210. On October 30, 2025, the Magistrate Judge issued a Report as to the motion for summary judgment, recommending that it be granted. ECF No. 212. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report and a sur-reply. ECF Nos. 216, 218.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough discussion of the relevant facts and appliable law, which the Court incorporates by reference. This action has a long history, which will briefly be addressed. This case concerns Plaintiff's fall in the shower of a Bureau of Prisons' facility that caused a broken wrist. On August 19, 2022, the Court issued an order dismissing certain claims and defendants, including c/o Morales and Dr. Anthony Timms. ECF No. 102. Plaintiff appealed this order on September 6, 2022. ECF No. 109. On January 20, 2023, the Fourth Circuit issued an order dismissing the appeal and finding that the district court's

2

order was not final and appealable. ECF No. 147. The mandate was issued on March 14, 2023. ECF No. 156. On June 28, 2023, the Court granted summary judgment as to the remaining claim. ECF No. 162. Plaintiff appealed, and the Fourth Circuit vacated the Court's order, finding the district court's decision as premature due to outstanding discovery requests by Plaintiff, and remanded for further proceedings. ECF No. ECF Nos. 165, 180. The mandate was issued on April 14, 2025. ECF No. 181. The Magistrate Judge issued a scheduling order setting new deadlines, including for the completion of discovery. ECF No. 187. Those deadlines have now passed. The only remaining claim is for negligence against the United States of America. With this procedural history in mind, the Court will first address Plaintiff's motion to reinstate defendants and then proceed to a discussion of the Magistrate Judge's Report and the renewed motion for summary judgment.

***Motion to Reinstate***

In his motion and reply, Plaintiff asserts that the reasoning in the Fourth Circuit's order remanding this action for further proceedings is equally applicable to the district court's order dated August 19, 2022. He further argues that he tried to appeal this order, thus, he has not waived the issues.

As the Fourth Circuit recently explained in *United States v. Jama*, No. 23-4743, 2026 WL 85053, at *2 (4th Cir. Jan. 12, 2026),

> "The mandate rule is a specific application of the law of the case doctrine" to cases that have been remanded after an appeal. *Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co.*, 510 F.3d 474, 481 (4th Cir. 2007). The rule limits later proceedings to issues falling within the appellate court's

mandate. *See United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993). The rule thus "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "litigation of issues decided by the district court but foregone on appeal or otherwise waived." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012) (internal quotation marks omitted); *see Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) ("[A]ny issue that could have been but was not raised on appeal is waived and thus not remanded." (internal quotation marks omitted)). We have similarly recognized that, "where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." *Omni Outdoor Adver., Inc., v. Columbia Outdoor Adver., Inc.*, 974 F.2d 502, 505 (4th Cir. 1992) (internal quotation marks omitted).

Here, the Court finds that Plaintiff's motion should be denied pursuant to the mandate rule. The Court's earlier order dismissing certain claims and defendants was not properly appealed and the Court is aware of no mechanism for applying a ruling on one discrete issue to the remainder of an action that has been ruled upon and closed. Such would overstep the guidance of the appellate court. Accordingly, the motion is denied.[1]

To the extent that this motion should be liberally construed as a motion for reconsideration of the Court prior order, that request is denied. Under Rule 60(b), a court may grant relief from an adverse final judgment if the party shows: (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial

---

[1] To the extent that Plaintiff's motion should be liberally construed as requesting copies at no expense, that request is denied. Plaintiff has not made a showing that such copies are necessary to pursue his claim.

4

under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgement is void; (5) the judgement has been satisfied, released or discharged; it is based on an earlier judgement that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Under this rule, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "To prevail under Rule 60(b), a party must make a threshold showing of (1) timeliness, (2) meritorious claim, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Johnson-El v. Mitchell*, No. 3:23-CV-00628-MR, 2024 WL 693530, at *2 (W.D.N.C. Feb. 20, 2024), *aff'd,* No. 24-6230, 2024 WL 3220319 (4th Cir. June 28, 2024) (citing *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). Here, Plaintiff has established no grounds for reconsideration.[2]

***Motion for Summary Judgment***

As noted above, the remaining claim is one for negligence pursuant to the Federal Tort Claims Act. Plaintiff asserts that Defendant, through c/o Morales who was present at the scene of the fall, was negligent in failing to warn him of the water on the floor that he contends caused his fall. The Magistrate Judge determined that Plaintiff cannot establish that c/o Morales has actual or constructive knowledge of a dangerous condition;

---

[2] The Court notes that Plaintiff's motion is untimely under Rule 59(e); however, the Court would also find that the motion should be denied pursuant to that standard.

5

accordingly, he cannot establish that Defendant breached a duty of care owed to him. Therefore, summary judgment is appropriate.

In his responses to the Report, Plaintiff raises several objections; however, they all amount to the same thing.[3] He argues that c/o Morales is not credible. In her declaration, c/o Morales stated that "[i]t was clear from [her] point of view that [Plaintiff] did not slip on anything on the surface of the floor, but clearly stumbled over his own feet or sandals." ECF No. 206-2 at 2. Plaintiff asserts that this statement is contradicted by logbook entry summarizing the incident as follows: "I/M Slusser (Cell 418) slipped and injured his right wrist in the day area while conducting showers." ECF No. 209-2 at 1. Plaintiff asserts that this contradiction creates a genuine issue of material fact such that summary judgment should be denied.

Upon de novo review of the Report, the record, and the applicable law, the Court finds that summary judgment is appropriate because there are no remaining genuine issues of material fact. Even if the Court credited Plaintiff's argument that there is discrepancy as to whether he slipped or tripped, he has not produced any evidence beyond mere speculation that any water on the floor was such an obvious risk such that c/o Morales had actual or constructive knowledge that a dangerous condition existed. As noted by the Magistrate Judge, Plaintiff is required to show that the dangerous condition "existed for such length of time prior to the injury that, under existing circumstances, [the defendant] should have discovered and remedied it in the exercise of due care." *Olson*

---

[3] The Court notes that Plaintiff has filed several declarations sworn under penalty of perjury. The Court has so considered the declarations throughout this order.

6

*v. Fac. House of Carolina, Inc.*, 544 S.E.2d 38, 44 (S.C. Ct. App. 2001), *aff'd*, 580 S.E.2d 440 (S.C. 2003).  Here, Plaintiff has presented no evidence that water was on the floor nor has he established how long it was there.[4]  Plaintiff's allegation that c/o Morales is not credible and, therefore, all of her statements should be disregarded is insufficient to preclude a finding of summary judgment.  *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989) (holding that conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion). Accordingly, Defendant's motion is granted.

## CONCLUSION

Based upon the foregoing, Plaintiff's motion to reinstate [194] is **DENIED**.  Further, the Court agrees with the recommendation of the Magistrate Judge and **GRANTS** Defendant's motion for summary judgment [206].

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

January 23, 2026
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] The Court specifically incorporates the Magistrate Judge's footnote on page 5 of the Report in which she discusses the evidence presented by Plaintiff and the fact that he cannot manufacture his own genuine issues of material fact by presented contradictory statements.  *See* ECF No. 212 at 5 n.3.

7